Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED in the U.S. DISTRICT COURT at Seattle, Washington.

July 17, 2024

Ravi Subramanian, Clerk

By_____ Deputy

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> 1. ANEICIA FORD, <br> 2. DANGELO ROBERTS, <br> 3. SHANNA CARTER-ZANDERS, <br> 4. KOHREY LEE BRIDGES, <br> 5. ANTHONY MCQUEEN, and <br> 6. MEGHAN FRAZIER, <br><br> Defendants. | NO. CR24-122 JNW <br><br> **INDICTMENT** |

The Grand Jury charges that:

## COUNT 1

**(Conspiracy to Commit Bank Fraud)**

1. Beginning in or about May of 2022, and continuing through in or about October of 2022, in King, Kitsap, Pierce, and Snohomish Counties, within the Western District of Washington, and elsewhere, ANEICIA FORD, DANGELO ROBERTS,

Indictment - 1
United States v. Ford, et al.
USAO No. 2022R01266

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

SHANNA CARTER-ZANDERS, KOHREY LEE BRIDGES, ANTHONY MCQUEEN, MEGHAN FRAZIER, and others known and unknown, did knowingly and willfully conspire and agree to devise and execute a scheme and artifice to defraud Victim Credit Union ("VCU"), a financial institution as defined in 18 U.S.C. § 20, and to obtain monies, funds, and credits under the custody and control of the financial institution by means of materially false and fraudulent pretenses, representations, and promises, as further and more particularly set forth below.

### A. The Object of the Conspiracy

2. The object of the conspiracy was to obtain funds from accounts at VCU belonging to individual members (the "Individual Victims") by acquiring the Individual Victims' personally identifiable information and using that information to impersonate the Individual Victims, fraudulently obtain debit cards in the Individual Victims' names, and make unauthorized transactions on and using the Individual Victims' accounts.

3. The conspiracy resulted in approximately $345,014.51 in actual losses to VCU.

### B. The Manner and Means of the Conspiracy

4. At all times relevant to the allegations, VCU met the definition of a financial institution set forth in 18 U.S.C. § 20 because its depository accounts were insured by the National Credit Union Share Insurance Fund. VCU maintained branches throughout the Western District of Washington and elsewhere. VCU offered its members services including checking and savings accounts, and debit cards that could be used to withdraw funds from accounts or to make purchases from merchants through point of sale transactions. VCU further maintained Automated Teller Machines ("ATMs") throughout the Western District of Washington that allowed its members to access and withdraw funds via their debit cards.

5. ANEICIA FORD was a VCU contact center employee who worked out of

Indictment - 2
United States v. Ford, et al.
USAO No. 2022R01266

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

her home in Tacoma, Washington. ANEICIA FORD was responsible for assisting VCU members who called with issues or inquiries regarding their accounts. Her position provided her with access to personally identifiable information about VCU members and their accounts, including: names, addresses, dates of birth, Social Security numbers, bank account numbers, driver's license numbers, and mother's maiden names. ANEICIA FORD was an associate of DANGELO ROBERTS.

6. It was part of the conspiracy that ANEICIA FORD accessed the Individual Victims' VCU accounts—both as part of her work and at times without any business purpose—and retained the Individual Victims' personally identifiable information. FORD was not known by the Individual Victims, nor was she authorized to possess or use their personally identifiable information.

7. It was further part of the conspiracy that ANEICIA FORD agreed to provide DANGELO ROBERTS with at least some of the Individual Victims' personally identifiable information to allow DANGELO ROBERTS, other conspirators, and ROBERTS's associates to access those Individual Victims' VCU accounts and the funds therein for their personal benefit.

8. It was further part of the conspiracy that DANGELO ROBERTS advertised on social media his ability to access funds in VCU accounts belonging to others and to procure false identification cards, along with messages enticing viewers to participate in the fraud. Images posted on DANGELO ROBERTS's social media accounts included VCU ATM transaction receipts, VCU cashier's check receipts, and VCU debit cards from VCU accounts belonging to some of the Individual Victims.

9. It was further part of the conspiracy that DANGELO ROBERTS produced and obtained false identification cards in the names of some of the Individual Victims but bearing the images of some of the conspirators.

10. It was further part of the conspiracy that DANGELO ROBERTS,

Indictment - 3
United States v. Ford, et al.
USAO No. 2022R01266

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

SHANNA CARTER-ZANDERS, KOHREY LEE BRIDGES, ANTHONY MCQUEEN, MEGHAN FRAZIER, and others, took over existing accounts belonging to the Individual Victims by impersonating them and using their personally identifiable information to authenticate access to those accounts. In particular, SHANNA CARTER-ZANDERS, KOHREY LEE BRIDGES, ANTHONY MCQUEEN, MEGAN FRAZIER, and others, agreed to participate in the conspiracy by, among other things, impersonating many of the Individual Victims at VCU branches throughout this District, verifying account ownership through personally identifiable information originating from ANEICIA FORD (including in many instances by presenting false identification cards containing some of that information), and requesting and obtaining new debit cards in the names of those Individual Victims.

11. It was further part of the conspiracy that, in addition to the issuance of a new debit card, SHANNA CARTER-ZANDERS, KOHREY LEE BRIDGES, ANTHONY MCQUEEN, and MEGAN FRAZIER requested and obtained increases on the limits placed on some of the Individual Victims' VCU accounts for ATM withdrawals and point-of-sale purchases. The purpose of these requests was to enable SHANNA CARTER-ZANDERS, KOHREY LEE BRIDGES, ANTHONY MCQUEEN, and MEGAN FRAZIER to steal as much money from those Individual Victims' accounts as possible.

12. It was further part of the conspiracy that, following the takeovers of the Individual Victims' existing VCU accounts, DANGELO ROBERTS, SHANNA CARTER-ZANDERS, KOHREY LEE BRIDGES, ANTHONY MCQUEEN, MEGHAN FRAZIER, and others, conducted and attempted to conduct unauthorized transactions on those accounts, including by:

(i) using the fraudulently obtained debit cards to withdraw or expend funds from the accounts, such as through cash withdrawals at VCU ATMs and

Indictment - 4
*United States v. Ford, et al.*
USAO No. 2022R01266

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the purchase of Postal Money Orders made payable to themselves or their associates;

(ii) forging withdrawal slips to execute cash withdrawals made in-person at VCU branches;

(iii) purchasing VCU cashier's checks made payable to, and subsequently deposited by, their associates;

(iv) causing the electronic transfer of funds between a victim's savings and checking accounts; and

(v) conducting balance inquiries.

13. It was further part of the conspiracy that, in conducting and attempting to conduct these unauthorized transactions, ANEICIA FORD, DANGELO ROBERTS, SHANNA CARTER-ZANDERS, KOHREY LEE BRIDGES, ANTHONY MCQUEEN, and MEGHAN FRAZIER intended to defraud VCU by falsely representing to VCU that they were permitted to access and obtain funds from the accounts, even though they understood they had no right to do so, resulting in a loss and a risk of loss to VCU.

14. It was further part of the conspiracy that ANEICIA FORD, DANGELO ROBERTS, SHANNA CARTER-ZANDERS, KOHREY LEE BRIDGES, ANTHONY MCQUEEN, and MEGHAN FRAZIER failed to repay the sums transferred, withdrawn, and used from the Individual Victims' accounts, resulting in loss to VCU.

All in violation of Title 18, United States Code, Sections 1344 and 1349.

## COUNTS 2-7

**(Bank Fraud)**

15. The Grand Jury realleges and incorporates, as if fully set forth herein, paragraphs 1 through 14 of the Indictment.

16. Beginning on or about May of 2022, and continuing through on or about October of 2022, in King, Kitsap, Pierce, and Snohomish Counties, within the Western

Indictment - 5
*United States v. Ford, et al.*
USAO No. 2022R01266

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

District of Washington, and elsewhere, ANEICIA FORD, DANGELO ROBERTS, SHANNA CARTER-ZANDERS, KOHREY LEE BRIDGES, ANTHONY MCQUEEN, MEGHAN FRAZIER, and others known and unknown, knowingly devised and executed a scheme and artifice to defraud Victim Credit Union ("VCU"), a financial institution as defined in 18 U.S.C. § 20, and to obtain monies, funds, and credits under the custody and control of the financial institution by means of materially false and fraudulent pretenses, representations, and promises, as further and more particularly set forth below.

### A. *The Scheme and Artifice to Defraud*

17. The essence of the scheme and artifice to defraud is set forth in paragraphs 2 and 3 of the Indictment.

### B. *The Manner and Means of the Scheme and Artifice to Defraud*

18. The manner and means of the scheme and artifice to defraud are set forth in paragraphs 4 through 14 of the Indictment.

### C. *Execution of the Scheme and Artifice to Defraud*

19. On or about the dates identified below, in King and Pierce Counties, within the Western District of Washington, and elsewhere, for the purpose of executing and attempting to execute this scheme and artifice to defraud a financial institution, and for the purpose of carrying out and attempting to carry out this scheme and artifice to obtain monies, funds, and credits under the custody and control of the financial institution by means of materially false and fraudulent pretenses, representations, and promises, the Defendants identified below knowingly caused to be conducted, and aided and abetted the cause of, the following transactions and acts, with each transaction and act constituting a separate Count of this Indictment:

//
//
//

Indictment - 6
*United States v. Ford, et al.*
USAO No. 2022R01266

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| COUNT | DATE | DEFENDANT(S) | ACT OR TRANSACTION |
|---|---|---|---|
| 2 | 05/17/2022 | ANEICIA FORD, SHANNA CARTER-ZANDERS | Withdrawal of $25,000 in cash from account of VCU member C.P. |
| 3 | 05/27/2022 | ANEICIA FORD, ANTHONY MCQUEEN | Withdrawal of $25,000 in cash from account of VCU member A.A. |
| 4 | 07/30/2022 | ANEICIA FORD | Unauthorized access of account of VCU member B.P. |
| 5 | 08/16/2022 | ANEICIA FORD, DANGELO ROBERTS, KOHREY LEE BRIDGES | Withdrawal of $2,000 in cash from account of VCU member T.L. |
| 6 | 09/30/2022 | ANEICIA FORD, MEGHAN FRAZIER | Successful request for debit card in the name of VCU member K.E. |
| 7 | 10/17/2022 | ANEICIA FORD, DANGELO ROBERTS, MEGHAN FRAZIER | Redemption of $500.00 Postal Money Order purchased using debit card in the name of VCU member C.T. |

The Grand Jury further alleges that each of the aforementioned Counts were committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Commit Bank Fraud).

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNTS 8-13

### (Aggravated Identity Theft)

20. The Grand Jury realleges and incorporates, as if fully set forth herein, paragraphs 1 through 19 of the Indictment.

21. On or about the below dates, in King and Pierce Counties, within the Western District of Washington, and elsewhere, the Defendants identified below did knowingly transfer, possess, and use, and aid and abet the transfer, possession, and use of, without lawful authority, a means of identification of the below persons during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, Conspiracy to

Indictment - 7
United States v. Ford, et al.
USAO No. 2022R01266

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Commit Bank Fraud, in violation of 18 U.S.C. § 1349, and Bank Fraud, in violation of 18 U.S.C. § 1344, knowing that the means of identification belonged to another actual person, with each means of identification constituting a separate Count of this Indictment.

| COUNT | DATE | DEFENDANT(S) | MEANS OF IDENTIFICATION AND RELATED COUNT |
|---|---|---|---|
| 8 | 05/17/2022 | ANEICIA FORD, SHANNA CARTER-ZANDERS | Name of VCU member C.P., a real person (Counts 1 and 2) |
| 9 | 05/27/2022 | ANEICIA FORD, ANTHONY MCQUEEN | Name of VCU member A.A., a real person (Counts 1 and 3) |
| 10 | 07/30/2022 | ANEICIA FORD | Name of VCU member B.P., a real person (Counts 1 and 4) |
| 11 | 08/16/2022 | ANEICIA FORD, DANGELO ROBERTS, KOHREY LEE BRIDGES | Name of VCU member T.L., a real person (Counts 1 and 5) |
| 12 | 09/30/2022 | ANEICIA FORD, MEGHAN FRAZIER | Name of VCU member K.E., a real person (Counts 1 and 6) |
| 13 | 10/17/2022 | ANEICIA FORD, DANGELO ROBERTS, MEGHAN FRAZIER | Name of VCU member C.T., a real person (Counts 1 and 7) |

The Grand Jury further alleges that each of the aforementioned Counts were committed during and in furtherance of the offense alleged in Count 1 (Conspiracy to Commit Bank Fraud).

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURE ALLEGATION

22. The allegations contained in Counts 1–13 above are hereby realleged and incorporated by reference for the purpose of alleging forfeiture.

23. Upon conviction of the offense alleged in Count 1, ANEICIA FORD, DANGELO ROBERTS, SHANNA CARTER-ZANDERS, KOHREY LEE BRIDGES,

Indictment - 8
*United States v. Ford, et al.*
USAO No. 2022R01266

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

ANTHONY MCQUEEN, and MEGHAN FRAZIER shall each forfeit to the United States any property constituting, or derived from, proceeds such Defendant obtained directly or indirectly, as a result of the offense. All such property is forfeitable pursuant to Title 18, United States Code, Section 982(a)(2) and includes but is not limited to a sum of money reflecting the proceeds such Defendant obtained as result of the bank-fraud scheme.

24. Upon conviction of the offense alleged in Count 2, ANEICIA FORD and SHANNA CARTER-ZANDERS shall each forfeit to the United States any property constituting, or derived from, proceeds such Defendant obtained directly or indirectly, as a result of the offense. All such property is forfeitable pursuant to Title 18, United States Code, Section 982(a)(2) and includes but is not limited to a sum of money reflecting the proceeds such Defendant obtained as result of the bank-fraud scheme.

25. Upon conviction of the offense alleged in Count 3, ANEICIA FORD and ANTHONY MCQUEEN shall each forfeit to the United States any property constituting, or derived from, proceeds such Defendant obtained directly or indirectly, as a result of the offense. All such property is forfeitable pursuant to Title 18, United States Code, Section 982(a)(2) and includes but is not limited to a sum of money reflecting the proceeds such Defendant obtained as result of the bank-fraud scheme.

26. Upon conviction of the offense alleged in Count 4, ANEICIA FORD shall forfeit to the United States any property constituting, or derived from, proceeds the Defendant obtained directly or indirectly, as a result of the offense. All such property is forfeitable pursuant to Title 18, United States Code, Section 982(a)(2) and includes but is not limited to a sum of money reflecting the proceeds the Defendant obtained as result of the bank-fraud scheme.

27. Upon conviction of the offense alleged in Count 5, ANEICIA FORD, DANGELO ROBERTS, and KOHREY LEE BRIDGES shall each forfeit to the United

Indictment - 9
*United States v. Ford, et al.*
USAO No. 2022R01266

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

States any property constituting, or derived from, proceeds such Defendant obtained directly or indirectly, as a result of the offense. All such property is forfeitable pursuant to Title 18, United States Code, Section 982(a)(2) and includes but is not limited to a sum of money reflecting the proceeds such Defendant obtained as result of the bank-fraud scheme.

28. Upon conviction of the offense alleged in Count 6, ANEICIA FORD and MEGHAN FRAZIER shall each forfeit to the United States any property constituting, or derived from, proceeds such Defendant obtained directly or indirectly, as a result of the offense. All such property is forfeitable pursuant to Title 18, United States Code, Section 982(a)(2) and includes but is not limited to a sum of money reflecting the proceeds such Defendant obtained as result of the bank-fraud scheme.

29. Upon conviction of the offense alleged in Count 7, ANEICIA FORD, DANGELO ROBERTS, and MEGHAN FRAZIER shall each forfeit to the United States any property constituting, or derived from, proceeds such Defendant obtained directly or indirectly, as a result of the offense. All such property is forfeitable pursuant to Title 18, United States Code, Section 982(a)(2) and includes but is not limited to a sum of money reflecting the proceeds such Defendant obtained as result of the bank-fraud scheme.

///

///

///

Indictment - 10
*United States v. Ford, et al.*
USAO No. 2022R01266

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

|   |   |   |
|---|---|---|
| 1 | **Substitute Assets.** If any of the above-described forfeitable property, as a result of | |
| 2 | any act or omission of the defendants, | |
| 3 | a. | cannot be located upon the exercise of due diligence; |
| 4 | b. | has been transferred or sold to, or deposited with, a third party; |
| 5 | c. | has been placed beyond the jurisdiction of the Court; |
| 6 | d. | has been substantially diminished in value; or, |
| 7 | e. | has been commingled with other property which cannot be divided |
| 8 | | without difficulty, |

it is the intent of the United States to seek the forfeiture of any other property of the defendants, up to the value of the above-described forfeitable property, pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL: 7/16/24   7/17/24

DATED:

*Signature of Foreperson redacted pursuant to the policy of the Judicial Conference of the United States.*

_____
FOREPERSON

_____
TESSA M. GORMAN
United States Attorney

_____
AMY JAQUETTE
Assistant United States Attorney

_____
JESSICA M. LY
Special Assistant United States Attorney

Indictment - 11
*United States v. Ford, et al.*
USAO No. 2022R01266

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970