UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KOHREY LEE BRIDGES,<br><br>Defendant. | NO. CR24-122-JNW-004<br><br>**UNITED STATES' SENTENCING MEMORANDUM** |

Defendant Kohrey Lee Bridges conspired to commit a bank fraud scheme that involved his personal use of at least eight victims' stolen identifying information to impersonate them and take over their accounts. Bridges' role in the conspiracy caused over $100,000 in actual losses to the underlying financial institution. Balancing this offense conduct against his mitigating circumstances, the United States respectfully recommends that the Court sentence Bridges to a low-end Guidelines sentence of eight months, to be followed by a three-year term of supervised release.

//

//

//

United States' Sentencing Memorandum - 1
*United States v. Kohrey Lee Bridges*, CR24-122-JNW-004

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## I. BACKGROUND

### A. Offense Conduct

In 2022, co-defendant Aneicia Ford unlawfully accessed bank accounts and retained victims' personally identifiable information ("PII") while working as a customer service representative for the Victim Credit Union ("VCU"). The stolen PII was later disseminated amongst the members of the charged conspiracy and was used: (i) to produce counterfeit identification cards in the victims' names but bearing photos of the co-conspirators, and (ii) to gain access to and conduct unauthorized transactions on the victims' accounts. Once the co-conspirators successfully took over an account, they committed the fraud through actions such as: obtaining new debit cards in the victims' names; increasing ATM withdrawal limits and point-of-sale purchase limits; purchasing cashier's checks and money orders; and withdrawing cash.

Bridges knowingly joined and participated in this conspiracy to defraud the VCU over the course of approximately five months. He accepted fake IDs and stolen PII; impersonated at least eight individual victims at several VCU branches in this district; and personally accessed funds totaling $112,578.68 from the victims' accounts. In particular, on August 16, 2022, at a VCU branch in Puyallup, Bridges fraudulently gained access to victim T.L.'s account using a fake ID, and subsequently purchased a $12,000 cashier's check and made a $2,000 cash withdrawal using that account.

The overall conspiracy caused $345.014.51 in actual losses to the VCU. PSR ¶¶ 13-23.

### B. Procedural History

On July 17, 2024, the defendant was charged by indictment with Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. §§ 1344 & 1349 (Count 1); Bank Fraud in violation of 18 U.S.C. §§ 1344 & 2 (Count 5); and Aggravated Identity Theft in violation of 18 U.S.C. §§ 1028A(a)(1) & 2 (Count 11). Dkt 1. On April 10, 2025, the defendant pleaded guilty to the conspiracy offense. Dkt. 73. He has remained at liberty on bond

United States' Sentencing Memorandum - 2
*United States v. Kohrey Lee Bridges*, CR24-122-JNW-004

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

without incident since his arrest on July 26, 2024.  *See* Dkt. 28.

**C.  Criminal History**

The defendant has no prior convictions.

## II.  SENTENCING GUIDELINES CALCULATIONS

The United States concurs with the Sentencing Guidelines calculations in the PSR, which are consistent with the calculations the parties stipulated to in the plea agreement. With a Criminal History Category of I and a total offense level of 11, the resulting advisory Guidelines range is 8 to 14 months.  PSR ¶ 80.

## III.  THE 3553(a) FACTORS SUPPORT THE RECOMMENDED SENTENCE

An analysis of the relevant sentencing factors in this case supports the United States' recommended, low-end Guidelines sentence of 8 months.

First, as to the nature and circumstances of the offense, the defendant actively participated in the fraud for months and successfully took over at least eight victims' accounts at VCU branches in Renton, Kent, Federal Way, Puyallup, Auburn, and Silverdale.  Bates 10154.  The number of his unsuccessful attempts to take over accounts during this same timeframe is unknown.  Bridges personally caused approximately one-third of the actual losses suffered by the VCU.  At the same time, the defendant is a lower-level participant who committed an unsophisticated fraud using PII and counterfeit IDs supplied by others, and his share in the fraud was marginal in comparison to the sums he withdrew.  But his repeated involvement in this crime—traveling to the different branches, memorizing the stolen PII, and handling large sums of money he knew did not belong to him—is aggravating, and supports the imposition of a custodial sentence here.

Second, the defendant's history and characteristics are mostly mitigating.  He was abandoned by a biological parent; placed in foster care due to physical abuse of his sibling, whom he was eventually separated from; struggled with depression and anger control issues during his childhood; and experienced a period of homelessness during the COVID-19 pandemic.  Despite these family and financial struggles, Bridges excelled at

United States' Sentencing Memorandum - 3
*United States v. Kohrey Lee Bridges*, CR24-122-JNW-004

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

sports, was recruited to play basketball in college, and is scheduled to graduate with a bachelor's degree in business next year. In addition to school, he currently works as his father's caregiver, provides for two very young children, and volunteers at a nonprofit that creates positive video game communities for youth and offers programming on a wide range of topics, including responsible gaming, digital literacy, and online safety.[1] PSR ¶¶ 46-55, 62, 68-69. The Court's sentence, however, should nonetheless account for Bridges' decision to commit this crime despite his numerous education and employment opportunities. *See id.* ¶ 73 (noting recent employment in the food service, tattoo, and sales industries). As evidenced by his strong work ethic, Bridges could have chosen to channel his talents into lawful activities to support his family and community instead.

Third, a low-end Guidelines sentence would advance the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). The proposed sentence would impress upon the defendant and the public the seriousness of this offense, promote respect for the law, and deter similar criminal conduct, especially because fraud crimes like the one Bridges committed often have low barriers to entry. PII is readily accessible to others, both through lawful and unlawful means. Significant consequences are warranted to dispel the notion that stealing money someone else's bank account is a minor offense or one that, given the volume of fraudulent transactions, will not be prosecuted. Moreover, the proposed sentence is a just punishment considering Bridges would have otherwise faced a mandatory minimum of two years' imprisonment for the aggravated identity theft charge absent his plea.

Fourth, as to pertinent policy statements and unwarranted sentence disparities, the United States acknowledges that: (i) a noncustodial sanction is ordinarily appropriate for a Zero-Point Offender who falls within Zone B of the sentencing table, *see* USSG § 5C1.1 cmt. 10; (ii) the Government's recommendation is three months higher than the

---

[1] BasicallyIDoWrk & Team Wrk!, https://www.teamwrkfoundation.org/about (last visited July 10, 2025).

United States' Sentencing Memorandum - 4  
*United States v. Kohrey Lee Bridges*, CR24-122-JNW-004

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

average sentence imposed in a comparable case; and (iii) most defendants with the calculated total offense level and criminal history category (52%) received a sentence of probation or a fine only, *see* JSIN data. The Government maintains that the proposed sentence is appropriate, however, due to the recurring nature of Bridges' criminal conduct and his understated Guidelines range (because the offense of conviction does not carry a mandatory minimum, and the loss amount is limited to Bridges' portion of the fraud as opposed to the entire conspiracy amount).

Finally, the defendant has agreed to pay restitution in full for the fraud he personally committed. The United States is hopeful that Bridges will make substantial contributions to his restitution obligation in the future, and that his positive performance on bond is indicative of what his conduct will be following the completion of his sentence. At a minimum, the recommended term of supervision will ensure that he adheres to a payment plan and can access any additional resources he may need.

//
//
//

United States' Sentencing Memorandum - 5
United States v. Kohrey Lee Bridges, CR24-122-JNW-004

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court sentence the defendant to 8 months' imprisonment and a 3-year term of supervised release.

DATED this 10th day of July, 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

 *s/ Jessica M. Ly*
JESSICA M. LY
Special Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-0882
Email: Jessica.Ly@usdoj.gov

United States' Sentencing Memorandum - 6
*United States v. Kohrey Lee Bridges*, CR24-122-JNW-004

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970